UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| E.L., a minor, by LA'SHIEKA WHITE, the Mother, legal guardian, and next friend of E.L., <br><br> Plaintiff, <br><br> vs. <br><br> VOLUNTARY INTERDISTRICT CHOICE CORPORATION, <br><br> Defendant. | Case No. 4:16-CV-629-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Attorneys' Fees (ECF No. 31). This matter is fully briefed and ready for disposition

### A. Background

On behalf of E.L., her minor son, La'Shieka White filed this federal civil rights lawsuit under 42 U.S.C. §§1981 and 1983 against sued the Defendant Voluntary Interdistrict Choice Corporation ("VICC"). E.L., an African-American student, attended Gateway Science Academy ("Gateway"), a charter school in the City of St. Louis when E.L.'s family resided in St. Louis. During third grade, E.L's family moved to St. Louis County, in the Pattonville School District. E.L.'s mother asked Gateway to enroll him in fourth grade even though they no longer lived in the city limits. Gateway declined to enroll E.L., citing its policy that African-American students who live outside the city are not eligible for enrollment. In his lawsuit, E.L. alleged that the county-to-city ban on African-American student transfers violated his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

After filing suit, E.L. sought a preliminary injunction, asking this Court to allow him to continue attending Gateway. VICC moved this Court to dismiss the case. After briefing on both motions, the Court dismissed the lawsuit and denied E.L.'s motion for preliminary injunction as moot. After the Court dismissed the case, VICC moved for attorneys' fees under 42 U.S.C. §1988. On July 27, 2017, the Eighth Circuit Court of Appeals affirmed the decision of the District Court, holding that E.L. lacked standing to bring his claim against VICC because his alleged injury was not "fairly traceable" to VICC. (ECF No. 37 at 7). On August 23, 2017, the Eighth Circuit issued its mandate.

### B. Standard for Attorneys' Fees

Section 1988 authorizes awards of reasonable attorneys' fees to a "prevailing party." 42 U.S.C. § 1988; *Dorr v. Weber*, 741 F. Supp. 2d 1022, 1028 (N.D. Iowa 2010). Thus, the initial question regarding the propriety of awarding attorneys' fees in a case such as this is whether the plaintiff can be characterized as a "prevailing party." *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 804 (8th Cir. 1993). In *Hensley,* the Supreme Court stated that a party is a "prevailing party" when he or she "'succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)); *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim"); *Casey,* 12 F.3d at 804 (quoting *Farrar* ).

### C. Discussion

VICC argues that it should be awarded attorneys' fees because it was the prevailing party. VICC argues that it is entitled to recover attorneys' fees because E.L. continued his case even after it became clear that his claims were "frivolous, unreasonable, or without foundation ... [and] not brought in subjective bad faith." *Davidson v. Allis-Chalmers Corp.*, 567 F. Supp. 1532, 1537

(W.D. Mo. 1983). VICC notes that the core of E.L.'s response to VICC's motion to dismiss was a group of twenty inapposite cases, primarily involving employment discrimination claims that were never proven in court. (ECF No. 32 at 6). Further, VICC states that E.L. continued to pursue his claim against VICC even after VICC confronted E.L. with the "overwhelming factual and legal authority demonstrating that VICC deals only with magnet schools in the City and has nothing to do with charter schools, that VICC is accordingly not a proper defendant and that plaintiff lacks standing to sue VICC, she continued to press her claim against VICC rather than seek redress of her alleged injury from the charter school that she wanted her son to attend, Gateway." (ECF No. 32 at 9). VICC asserts that once E.L. was informed of the deficiencies in his Complaint by VICC's June 2, 2016 filings, E.L. "was unquestionably on notice of the groundless and frivolous nature of the lawsuit, yet [he] continued to pursue it, improperly forcing VICC to incur additional attorneys' fees." (ECF No. 32 at 11). Therefore, VICC contends it should be awarded its reasonably expended attorneys' fees from June 2, 2016 forward. (ECF No. 32 at 11). Finally, VICC notes that it, like Plaintiff's counsel, is a not-for-profit organization and funds used for litigation take away resources from its students. (ECF No. 36 at 10). VICC seeks $15,416.20 for the preparation of its reply brief in support of its motion to dismiss, plus approximately $7,500 for preparation of its motion for its Motion for Attorneys' Fees, for a total of $22,916.20.

In response, E.L. argues that this case does not fit within the "very narrow circumstances" in which a prevailing defendant is entitled to attorneys' fees. (ECF No. 35 (citing *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 848 (8th Cir. 1994) (citing *Eichman v. Linden & Sons, Inc.*, 752 F.2d 1246, 1248 (7th Cir. 1985)). E.L. claims that the Court cannot engage in "post hoc reasoning" to conclude that E.L. did not have a valid claim simply because this Court ultimately dismissed his action. (ECF No. 35 at 1 (citing *Fisher v.*

*Wal-Mart Stores, Inc.*, 619 F.3d 811, 819 (8th Cir. 2010) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978); ECF No. 35 at 6-7). E.L. argues that VICC is not entitled to attorneys' fees because his claims were not "frivolous, unreasonable, or without foundation." (ECF No. 35 at 3 (citing *James v. City of Boise, Idaho*, 136 S. Ct. 685, 686 (2016)). E.L. claims that his theory for standing was that "VICC's discrimination manifests itself by preventing E.L. from enrolling in charter schools in the City of St. Louis—including Gateway—and manifests itself by preventing E.L. from enrolling in magnet schools in the City of St. Louis." (ECF No. 35 at 9). E.L. states that he "reasonably believed that both manifestations of VICC's discrimination are present" in his Complaint. (ECF No. 35 at 9). Finally, E.L. asserts that awarding fees to VICC would discourage civil rights lawsuits on behalf of the disadvantaged or indigent. (ECF No. 35 at 11-12). E.L. states that imposing attorneys' fee judgments against an unsuccessful plaintiff represented by a public interest organization would exercise a powerful disincentive against litigation by such entities. (ECF No. 35 at 12).

The Court holds that VICC is not entitled to attorneys' fees in this case. The Court finds that E.L. provided a plausible and defensible claim for relief against VICC. Although VICC was not the proper defendant in this action, E.L. presented a persuasive argument that VICC could provide relief based upon its allegedly discriminatory policy and its potential effect on E.L.'s ability to enroll in Gateway and other charter schools. Ultimately, the Court held that E.L.'s arguments were not persuasive. However, the Court does not perform such a post hoc determination of whether a claim is meritorious. Moreover, the Court finds that an adverse determination would discourage such public interest lawsuits, which may be based upon novel or untested theories of liability. Therefore, the Court denies VICC's Motion for Attorneys' Fees.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees (ECF No. 31) is **DENIED**.

Dated this 25th day of August, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE